# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-531 |
| v. | ) | |
| | ) | |
| ATM CORPORATION OF AMERICA | ) | |
| DBA known as SERVICE LINK, | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM ORDER

Pending now before the Court are PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FULLY AND COMPLETELY RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (Document No. 21) and AMENDED PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FULLY AND COMPLETELY RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (Document No. 24).[1] Defendant ATM Corporation of America d/b/a Service Link ("Service Link") filed a response to the motion and Plaintiff filed a reply.

Plaintiff is pro se. In this lawsuit, she alleges that Defendant discriminated on the basis of her age, race and national origin in terminating her employment, retaliated against her for engaging in protected activity, and breached an employment contract. Ms. Nguyen filed interrogatories and requests for production of documents on Defendant in August 2008.

---

[1] The "amendment" consists of a request that the attached Verification form be deemed to become part of her original Motion to Compel. As will be explained, this motion is DENIED AS MOOT.

Defendant filed responses in mid-September and also produced approximately 500 pages of documents. Defendants' responses asserted a number of general and specific objections.

In her Motion to Compel, Plaintiff contends that Defendant has repeated baseless objections and has not provided responsive and complete answers. Plaintiff articulates specific shortcomings in Defendant's responses to Interrogatory Nos. 6 and 12-25 and Document Request Nos. 3, 4, 8, 9 and 16. Defendant has responded to each of these allegations.

The Court will not rule on these specific matters at this time. Defendant points out, accurately, that Plaintiff has failed to comply with Local Rules of the United States District Court for the Western District of Pennsylvania ("Local Rules") 7.1(C) and 37.1(A), which require the filing of a Discovery Dispute Certificate.[2] Local Rule 37.1(A) explains that the purpose of the Discovery Dispute Certificate is to require counsel and/or an unrepresented party to make a reasonable effort to reach an agreement to resolve the discovery dispute before filing any discovery motion. The need to resolve disputes amongst the parties is all the more compelling in this case, in light of Defendant's legitimate objection that some of Plaintiff's discovery requests are unclear and unintelligible. A conference between the parties will enable Plaintiff to clarify her requests.

The clerk "shall not accept for filing" any discovery motion that lacks a Discovery Dispute Certificate. Local Rule 37.1(A). The Local Rule is phrased in mandatory language.

Accordingly, PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FULLY AND COMPLETELY RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (Document No. 21) is **DENIED**

---

[2]The Verification form submitted by Plaintiff does not fulfill this requirement.

**WITHOUT PREJUDICE**. If the parties are unable to resolve their discovery disputes after reasonable efforts to do so, they may file an appropriate motion accompanied by a thorough Discovery Dispute Certificate. AMENDED PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FULLY AND COMPLETELY RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (Document No. 24) is **DENIED AS MOOT**.

SO ORDERED this 4th day of November, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: KATHLEEN NGUYEN
PO Box 464
East Liverpool, OH 43920
**(BY CERTIFIED MAIL)**

Amy L. Berecek, Esquire
Email: aberecek@thorpreed.com
Kurt A. Miller, Esquire
Email: kmiller@thorpreed.com