# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-531 |
| v. | ) | |
| | ) | |
| ATM CORPORATION OF AMERICA | ) | |
| DBA known as SERVICE LINK , | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending now before the Court is PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FULLY AND COMPLETELY RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (Document No. 26). Defendant ATM Corporation of America d/b/a Service Link ("Service Link") filed a response (Document No. 27) and the motion is ripe for disposition.

Plaintiff is pro se. In this lawsuit, she alleges that Defendant discriminated on the basis of her age, race and national origin in terminating her employment, retaliated against her for engaging in protected activity, and breached an employment contract. Ms. Nguyen filed interrogatories and requests for production of documents on Defendant in August 2008. Defendant filed responses in mid-September and also produced approximately 500 pages of documents. Defendants' responses asserted a number of general and specific objections.

In her Motion to Compel, Plaintiff contends that Defendant has repeated baseless objections and has not provided responsive and complete answers. Plaintiff articulates specific shortcomings in Defendant's responses to Interrogatory Nos. 6 and 12-25 and Document Request Nos. 3, 4, 8, 9 and 16. Defendant has responded in detail to each of these allegations.

The instant motion is nearly verbatim to a motion that Ms. Nguyen filed on October 10, 2008. Defendant pointed out, accurately, that Plaintiff had failed to comply with Local Rules of the United States District Court for the Western District of Pennsylvania ("Local Rules") 7.1(C) and 37.1(A), by attaching a Discovery Dispute Certificate to her original motion. Accordingly, in a Memorandum Order dated November 4, 2008, the Court denied the original motion without prejudice and stated as follows:

> Local Rule 37.1(A) explains that the purpose of the Discovery Dispute Certificate is to require counsel and/or an unrepresented party to make a reasonable effort to reach an agreement to resolve the discovery dispute before filing any discovery motion. The need to resolve disputes amongst the parties is all the more compelling in this case, in light of Defendant's legitimate objection that some of Plaintiff's discovery requests are unclear and unintelligible. A conference between the parties will enable Plaintiff to clarify her requests.

The instant motion contains a Discovery Dispute Certificate. However, Defense counsel avers that Ms. Nguyen did not contact them or make any reasonable efforts to resolve the discovery dispute before filing the renewed motion.

Ms. Nguyen must understand that even though she is proceeding pro se, she is still required to comply with all of the applicable procedural rules, including the Federal Rules of Civil Procedure, the Local Rules of Court and the chambers practices. These procedures are designed to protect the rights of both parties and to promote the just, speedy and inexpensive resolution of this matter. The Discovery Dispute Certificate is not merely a formality. Rather, it is designed to fulfill a very important and necessary function – that of forcing the parties to try to compromise and amicably resolve their discovery disputes. The Court will not, at this time, make any findings with regard to Ms. Nguyen's compliance, or lack thereof, with her discovery obligations. Instead, the Court will presume that the parties have been unable to resolve their

disputes and will rule on the merits of Plaintiff's motion to compel discovery.

The Court has reviewed each of the interrogatories and document requests at issue. As the Court noted in its Memorandum Order dated November 4, 2008, many of Plaintiff's discovery requests are "unclear and unintelligible." Moreover, it is apparent that the pro se Plaintiff does not fully appreciate that a Defendant has a legal right to object to discovery requests that are irrelevant, unduly burdensome or otherwise improper. In every respect, Defendant's objections, as set forth in its response to the original motion to compel, are valid and appropriate. Indeed, it appears that defense counsel has acted very professionally in responding to Plaintiff's discovery requests and a Local Rule 37.1 conference could have gone a long way in resolving unclear and unintelligible requests.

In accordance with the foregoing, PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FULLY AND COMPLETELY RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (Document No. 26) is **DENIED**.

SO ORDERED this 21st day of November, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: KATHLEEN NGUYEN
PO Box 464
East Liverpool, OH 43920
**(BY CERTIFIED MAIL)**

Amy L. Berecek, Esquire
Email: aberecek@thorpreed.com
Kurt A. Miller, Esquire
Email: kmiller@thorpreed.com